350 So.2d 1231 (1977)
Philip Glenn STRALEY
v.
CALONGNE DRAYAGE & STORAGE, INC.
No. 7405.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1977.
*1232 J. Fred Patin, Lake Charles, for plaintiff-appellee.
Drury, Lozes & Curry, Rene A. Curry, Jr., New Orleans, for defendant-appellant.
Adams & Reese, Lloyd W. Hayes, New Orleans, for Smith-Willow Distributing, Inc., and Aetna Casualty & Surety Company, intervenors-appellees.
Before REDMANN, GULOTTA and STOULIG, JJ.
EDWARD J. STOULIG, Judge.
The Supreme Court reinstated[1] a $25,000 judgment of the district court in favor of Philip Straley (Straley) against Calongne Drayage & Storage, Inc. (Calongne), and remanded this matter, directing that we adjudicate Calongne's third party claim for indemnification against its lessee, Smith-Willow Distributing, Inc. (Smith-Willow).
Briefly, Straley was injured when a hand-made elevator he was operating collapsed as he performed the duties of his employment for lessee, Smith-Willow. The demand for indemnification is based on these excerpts from the lease:
"The within leased premises and appurtenances, including * * * elevator, * * * if any * * * are accepted by the Lessee in their present condition, except for such repairs and improvements as are written into this lease. The Lessee agrees to keep them in the same order as received during the term of this lease and no repairs shall be due Lessee except such as may be especially noted herein * * * and at the termination or cancellation of this lease to return the premises broom clean and free from trash, and in like good order as received by actual delivery of the keys to Lessor or Agent, the usual decay, wear and tear excepted."
and
"If there are any elevators, lifts, machinery, * * * the care, maintenance and repairs of same are assumed by Lessee, together with all liability or claims for damages, and Lessee shall maintain liability insurance to the extent of $100,000/$300,000 and plate glass insurance as an additional safeguard."
and
"Lessee assumes responsibility for the condition of the premises and Lessor will not be responsible for damage caused by * * * any vices or defects of the *1233 leased property, or the consequences thereof, except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Lessee of such defects and the damage caused thereby. * * *"
In dismissing the third party demand the trial court reasoned:
"The Smith-Willow Corporation leased the building from Calongne (Exhibit Calongne # 2). It is the standard form printed commercial lease customarily used by realtors in New Orleans. By the terms of this lease Smith-Willow accepted the building and its elevator in the condition it was. Smith-Willow was additionally required to maintain the elevator, keep it in repair and obtain liability insurance up to a certain amount.
"Improper maintenance was not a contributing factor in the fall of this hoist or elevator. The Court does not conclude that the lessee Smith-Willow in this lease assumed liability and responsibility of Calongne for the defective and unsafe design and construction of the elevator. Nor was it required by the lease to protect Calongne against this negligence with liability insurance. The public liability insurance required of the lessee was to protect the lessor against claims that might arise out of the negligence of the lessee. Calongne's third party claim against Smith-Willow for indemnification is denied." (Emphasis in original.)
We affirm. Under the first quoted section the lessee accepted the elevator in its present condition and assumed the duty to maintain it in the same condition. The second cited provision states the lessee assumes "all liability or claims for damages" and imposes upon it the obligation to carry $100,000/ $300,000 liability insurance against any claim stemming from the use of an elevator or lift. The third stipulation provides the lessee shall assume responsibility for damage caused by "any vices or defects of the leased property."
The quoted clauses do not express with clarity an intent by the lessee to indemnify the lessor for damages caused by his own negligent conduct. An indemnity agreement exempting one from liability based upon his own negligence must be plainly stated. Jayco Sales and Service, Inc. v. Smith, 303 So.2d 554 (La.App. 1st Cir. 1974). Calongne's liability arose from the negligent design of the elevator rather than from simple ownership of the building. The language of the lease that shifts traditional landlord liability to the lessee is not specific enough to encompass an agreement by the lessee to indemnify the lessor for the latter's own negligent action. An agreement to indemnify must be strictly construed. Breaux v. Rimmer & Garrett, Inc., 320 So.2d 214 (La.App. 3d Cir. 1975).
For the reasons assigned the judgment dismissing the third party petition of Calongne against Smith-Willow is affirmed. Third party plaintiff is to pay the costs of this appeal.
AFFIRMED.
NOTES
[1] Straley v. Calongne Drayage & Storage, Inc., 346 So.2d 171 (La.1977).