376 So.2d 179 (1979)
Marcos ROSALES
v.
DIXIE MILL SUPPLY COMPANY, INC. et al.
No. 10826.
Court of Appeal of Louisiana, Fourth Circuit.
October 4, 1979.
*180 James H. Minge, New Orleans, for plaintiff.
Bruce J. Borrello, Metairie, for Curtis Noll Corp.
John J. Cooper, Christovich & Kearney, New Orleans, for Reynolds Metal Co. and Liberty Mutual Insurance Co.
Before REDMANN, LEMMON and BOUTALL, JJ.
REDMANN, Judge.
When Reynolds Metal Company acquired from Curtis Noll Corporation effective January 1, 1968 the substance of Curtis Noll's Foote-Burt manufacturing division, their 1967 "Agreement for Sale and Purchase of Assets" provided that
all costs, charges, expenses, debts, liabilities and obligations arising out of the operations of Foote-Burt prior to the Effective Date [of the Agreement] shall be for the account of Curtis Noll, and those arising on and after the Effective Date shall be for the account of Reynolds.. . Each party shall indemnify, reimburse and save the other harmless from all such items arising during its respective period of responsibility.
The question is whether that 1967 language imposes liability upon Reynolds for a 1977 personal injury from an alleged defect in a machine Foote-Burt manufactured in 1943.[1]
The procedural context is that Reynolds has obtained summary judgment of dismissal from the injured person's main demand and from Curtis Noll's third party demand, and both plaintiff and Curtis Noll have *181 appealed. Plaintiff, however, is apparently content with Curtis Noll as a solvent defendant, since in lieu of a brief he submits the matter "on the record." We view his as a purely protective appeal and we consider no issue other than that raised by Curtis Noll.[2]
Both Curtis Noll and Reynolds have provided lengthy briefs that would bear fuller discussion. But the decision in this case must ultimately depend on the interpretation of the quoted language from the Agreement. Notwithstanding that insurance policies (which always indemnify insureds against their own negligence) may assume the risk of liability for injury that occurs during the term of the policy, although from negligence occurring earlier, we do not read Reynolds' Agreement to do so.
The Agreement's first reference to the division of responsibility could have easily stated Curtis Noll's interpretation by placing the modifier clause after the word arising, to retain liability in Curtis Noll only for "obligations arising prior to the Effective Date out of operations of Foote-Burt" rather than "obligations arising out of operations of Foote-Burt prior to the Effective Date" (emphasis added). We concede that the second, immediately-following reference supports Curtis Noll's view: "and those arising on and after the Effective Date shall be for the account of Reynolds." Similarly supportive of Curtis Noll's view is the third reference, "all such items arising during [each party's] respective period of responsibility." We view the last two references as necessarily intending to repeat the provision of the first reference, which makes the most natural and reasonable division of responsibility: each party is responsible for what it does, and thus for its own negligence in its operations, so that Curtis Noll retains all "obligations arising out of operations . . . prior to the Effective Date". The later two references to "those arising" and "items arising" are, in our view, only inexact language.
At most, however, those three references would constitute an ambiguity. The standard rule in interpreting indemnification clauses is that no indemnification clause indemnifies one against one's own negligence unless the intent to do so is express. Straley v. Calongne Drayage & S. Inc., La.App., 4 Cir. 1977, 350 So.2d 1231; see also Polozola v. Garlock, Inc., La.1977, 343 So.2d 1000.
This agreement's unclear language cannot be held to oblige Reynolds to indemnify Curtis Noll against any liability that might arise in the future because of Curtis Noll's past negligence.
Affirmed.
NOTES
[1] At that time Foote-Burt was a separate corporation. When it merged into Curtis Noll in 1965, Curtis Noll succeeded to all of Foote-Burt's liabilities, and we view Foote-Burt's negligence as thereby becoming Curtis Noll's negligence. There was no de-merger or reconstitution of Foote-Burt as a separate corporation in 1968 when Reynolds entered the "Sale and Purchase of Assets." We therefore view Foote-Burt's former corporate liabilities (and responsibility for its negligence) as remaining Curtis Noll's, except to the extent the Agreement might shift liability to Reynolds.
[2] We do not consider, e. g., Turner v. Bituminous Cas. Co., 1976, 397 Mich. 406, 244 N.W.2d 873, cited by Curtis Noll, as it may relate to plaintiff.