488 So.2d 486 (1986)
Curtis SUTHERLAND, Plaintiff-Appellant,
v.
Lucille HAMNER, et al., Defendants-Appellees.
No. 85-581.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1986.
*487 Lomenick, Seemann & Willis, G. Frederick Seeman, Lafayette, for plaintiff-appellant.
Voorhies & Labbe, Amos H. Davis, Allen & Gooch, Joel E. Gooch, Lafayette, for defendants-appellees.
Before GUIDRY, TUCK and PICKETT, JJ.[*]
JOHN S. PICKETT, Jr. Judge Pro Tem.
This is an action by plaintiff-appellant, Curtis Sutherland, for personal injuries and property damage allegedly suffered as a result of a fire which occurred on April 20, 1984, at 112 Smith Street, Lafayette, Louisiana. At the time of this fire Curtis Sutherland was a lessee of these premises.
Curtis Sutherland filed suit against the landlord, Lucille Hamner, and others. Lucille Hamner filed a motion for summary judgment predicated on the "hold harmless" provisions of paragraph six (6) of a written lease agreement between the parties. Paragraph six (6) of the lease agreement provides as follows:
"The tenant agrees to indemnify and hold the landlord and his agent harmless for any damages to persons, or property from any cause whatsoever, and further agrees that the landlord or agent shall not be responsible for any theft or loss of property from the premises."
(Emphasis supplied).
The district court granted the motion for summary judgment, based upon the above quoted paragraph six (6) of the Sutherland-Hamner Lease. From this judgment, plaintiff-appellant, Curtis Sutherland, has appealed.
The thrust of the appellant's argument is that paragraph six (6) of the Sutherland-Hamner Lease made no express reference to the "negligence" of Lucille Hamner. Appellant argues that absent such an express reference this indemnity provision is invalid, at least to the extent that it would purport to provide indemnity for Lucille Hamner's own negligence. Appellant further contends that said paragraph six does not put Sutherland on notice that Hamner was indemnifying herself against her own negligence. It is the contention of appellant that such intention must be expressed in unequivocal terms, and that the language *488 in said paragraph six fails in that regard.
In support of the district court's action in granting summary judgment, appellee referred the court to Polozola v. Garlock, Inc., 376 So.2d 1009 (La.App. 1st Cir.,1978), writs denied, 379 So.2d 1103 (La.1980), wherein the court had for consideration the language of an indemnity agreement the pertinent part of which provided as follows:
"Contractor agrees to indemnify and hold harmless Dow, its officers and employees, from and against any and all claims and causes of action and all losses therefrom ... including without limitation property damage or destruction... arising from any source while any such party is on premises owned, operated, leased or controlled by Dow." (Emphasis supplied).
In making its determination that although the indemnification agreement did not contain the words "even though caused by the negligence of indemnitee" it could be interpreted to require indemnitor to indemnify indemnitee against its own negligence, the trial court stated that agreements of this type fall into three categories: (1) those that specifically mention some way that the indemnitor will indemnify the indemnitee against the indemnitee's own negligence; (2) those that specifically mention in some way that the indemnitor will not indemnify the indemnitee against the indemnitee's own negligence; and, (3) those that are silent on that specific subject, but contain other language that might be so construed. The trial court found that the Polozola case was of the third type.
In the Polozola case the court concluded that it was the intention of the parties that the maintenance contractor was to indemnify the corporation from the consequences of the corporation's own negligence. A determination of the intention of the parties is, of course, the foremost requirement in the interpretation and construction of a contract. LSA-C.C. Art. 1945.
The court based its decision on four reasons, among them that the language was broad and general, e.g., "any and all causes of action", "arising from any source", and that the parties could have specifically excluded coverage for the corporation's negligence if they had so intended.
However, absent "other language" to the contrary it is the jurisprudence of the State that a contract of indemnity will not be construed to indemnify indemnitee against loss resulting to him through his own negligent acts unless such intention is expressed in unequivocal terms. Green v. Taca International Airlines, 304 So.2d 357 (La.1974). The case of Green v. Taca, supra was cited favorably in the case of Robinson v. State through Department of Transportation and Development, 454 So.2d 257, in which case the court said:
"A contract of indemnity will not be construed to indemnify the indemnitee against losses to him through his own negligent acts, when such intention is not expressed in unequivocal terms."
In Rosales v. Dixie Mill Supply Company, 376 So.2d 179 (La.App. 4th Cir., 1979) the court said:
"The standard rule in interpreting indemnification clauses is that no indemnification clause indemnifies one against one's own negligence unless the intent to do so is express."
See also, Rivers v. Schlumberger Well Surveying Corp., 389 So.2d 807 (La.App. 3rd Cir., 1980) in which the court held:
"It is well settled that contractual indemnification for one's own negligence cannot be allowed unless the parties specifically, clearly and expressly agree to such..."
A fair reading of the "hold harmless' provision contained in paragraph six in the instant case contains no such provision, nor is there any indication that it was the intention of the parties that Lucille Hamner be indemnified against her own negligence.
For these reasons the judgment of the District Court is reversed and the case is remanded to the District Court, for further proceedings.
REVERSED AND REMANDED.
*489 GUIDRY, J., concurs and assigns written reasons.
TUCK, J., concurs in the result.
GUIDRY, Judge, concurring.
It is settled law that a summary judgment should be granted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.
In construing indemnity clauses the foremost consideration is the intention of the parties. In the instant case, the "hold harmless" provisions of the lease contract do not unequivocally indemnify the lessor against losses resulting from lessor's own negligence, although the clause is couched in broad terms, i.e., "... from any cause whatsoever ..." In my view, the intent of the parties remains an issue of material fact which cannot be resolved by reference only to the language of the agreement. Therefore, rendition of summary judgment was improper. For these reasons, I respectfully concur in the result.
NOTES
[*] Judge Roy B. Tuck, Jr. of the 30th Judicial District Court and Judge John S. Pickett, Jr. of the 11th Judicial District Court participated in this decision as Judges Pro Tempore of the Third Circuit Court of Appeal.