618 So.2d 17 (1993)
Albert Lee SPELL, et al., Plaintiffs-Appellees,
v.
N.L. INDUSTRIES, INC., et al., Defendant-Appellant.
No. 92-692.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
Gilbert Hennigan Dozier, Lafayette, for plaintiffs-appellees Albert Lee Spell et al.
Richard Stephen Vale, Jeffery Wade McDonald, Metairie, for defendant-appellant TWO R DRILLING.
Randall Kurt Theunissen, Roger Ernest Ishee, Lafayette, for defendants-appellees Union Oil, Baroid Corp.
Before STOKER, and DECUIR, JJ., and CULPEPPER, J. Pro Tem.[*]
*18 DECUIR, Judge.
This controversy arises out of a suit by Albert Lee Spell and Helen Spell adverse to N.L. Industries, Inc., N.L. Baroid, Baroid Drilling Fluids, Inc., Two "R" Drilling Company, Inc., and Union Oil Company of California, for personal injuries allegedly sustained by Albert Lee Spell while employed as a tankerman aboard a barge. Plaintiffs allege that defendants, Union Oil and/or Two "R" Drilling were the owners pro hac vice of the barge to which plaintiff was assigned at the time of his injury. Alternatively, plaintiffs allege that Albert Lee Spell was the employee of the owner or operator of the barge in question under a theory of joint principal or borrowed servant doctrine.
Two "R" Drilling filed a cross-claim adverse to Union Oil alleging that at the time of plaintiff's accident, plaintiff's employer was a contractor, invitee, or agent of Union Oil and further alleging the existence of a contract between Two "R" and Union wherein Union agreed to defend and indemnify Two "R" Drilling. Thereafter, Two "R" Drilling filed a motion for summary judgment contending there was no issue of material fact as to whether Union Oil owes a defense and indemnity to Two "R" in the action brought by Albert and Helen Spell. The trial judge granted Two "R" Drilling's motion and rendered judgment ordering Union Oil to assume the defense of Two "R" for the remainder of the litigation. Union Oil now appeals the judgment of the trial court.
The record reflects that Union subcontracted with plaintiff's employer, N.L. Industries or Baroid Corporation, to furnish drilling fluid material and chemicals and mud engineering and logging services. Union (operator) also contracted with Two "R" Drilling (contractor) to perform drilling services. Two "R" contends that according to the contract entered into between Two "R" and Union, Union must defend and indemnify Two "R" for any injuries to Union's invitees, employees, subcontractors, officers, and directors regardless of fault. A reciprocal indemnity provision in the same contract requires Two "R" to defend and indemnify Union against any suits brought by Two "R" employees, officers, directors, contractors and subcontractors, regardless of fault. The contract also contains the following insurance provisions:
13. INSURANCE:
During the life of this Contract, Contractor shall at Contractor's expense maintain with an insurance company or companies authorized to do business in the state where the work is to be performed or through a self-insurance program, insurance coverages of the kind and in the amounts set forth in Exhibit "A." Contractor shall, if requested to do so by Operator, procure from the company or companies writing said insurance a certificate or certificates that said insurance is in full force and effect and that the same shall not be cancelled or materially changed without ten (10) days prior written notice to Operator. For liabilities assumed hereunder by Contractor, its insurance shall be endorsed to provide that the underwriters waive their right of subrogation against Operator. Operator will, as well, cause its insurer to waive subrogation against Contractor for liability it assumes.
21. SPECIAL PROVISIONS:
* * * * * *
B. Insurance: Operator shall be named additional insured except for workman's compensation, on Contr. insurance. With a cross liability clause (severability of interest).
It is Union's contention that the contract between Union and Two "R" required as one of its terms that Union be named as an additional insured in Two "R" Drilling's insurance policies. Union contends that if Union is named as an additional insured as contractually required, then any obligation that Union contractually has to defend and/or indemnify Two "R" should be furnished by Two "R"'s insurance carrier. Union further argues that if Two "R" did not follow the mandate of this insurance provision, i.e. name Union as an additional insured, then Two "R" breached the contract and by virtue of this breach, Two "R" *19 is not entitled to a defense or indemnification.
The trial judge, in reasons for judgment, found that the contractual provisions regarding indemnity and insurance are independent and the indemnification provision remains effective regardless of whether Two "R" complied with the insurance provision in question. The trial judge found nothing in the contract requiring compliance with the insurance provision for the indemnification provision to remain effective. We agree and affirm the judgment of the trial court.
The purpose of the reciprocal indemnity provisions in the contract between Two "R" and Union is to allocate risk inherent in the activity between the parties to the contract. These indemnity provisions clearly require both Union and Two "R" to bear liability for any claims filed by their respective employees, contractors, subcontractors, etc. The indemnity provision at issue provides:
14.9 Operator's indemnification of Contractor. Operator agrees to protect, defend, indemnify and save Contractor, its officers, directors, employees and joint owners harmless from and against: any claims, demands and causes of action of every kind and character without limit and without regard to the cause or causes thereof or the negligence of any party or parties arising in connection herewith in favor of Operator's employees or Operator's contractors or their employees of Operator's invitees other than those parties identified in paragraph 14.8 on account of bodily injury, death or damage to property. If it is judicially determined that the monetary limits of insurance required hereunder or of the indemnities voluntarily and mutually assumed under paragraph 14.9 (which Contractor and Operator hereby agree will be supported either by available liability insurance under which the insurer has no right of subrogation against the indemnitee, or voluntarily self-insured in part or whole) exceed the maximum limits permitted under applicable law, it is agreed that said insurance requirements or indemnities shall automatically be amended to conform to the maximum monetary limits permitted under such law.
The interpretation of a contract is the determination of the intent of the parties to the contract. When the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. The determination of the intention of the parties is the foremost requirement in the interpretation and construction of a contract. Perkins v. Rubicon, Inc., 563 So.2d 258 (La.1990); Sutherland v. Hamner, 488 So.2d 486 (La.App. 3rd Cir.1986); Poole v. Ocean Drilling & Exploration Co., 439 So.2d 510 (La.App. 1st Cir.1983), writ denied, 443 So.2d 590 (La.1983). We find from a reading of the contract as a whole that it was clearly the intention of the parties that Union be obligated to defend and indemnify Two "R" against actions brought by Union employees, contractors, subcontractors, etc. The indemnity provision of the contract at issue clearly obligates Union to defend and indemnify Two "R" against the action brought by Albert and Helen Spell. Furthermore, Paragraphs 13 and 14.9 of the contract in question clearly evidence the parties' intent that each party procure separate policies of insurance providing coverage for "liability assumed" by each party pursuant to the reciprocal indemnity provisions.
This court rejects Union's argument that "if" Two "R" breached the terms of the contract by failing to have Union named as an additional insured pursuant to Paragraph 21 of the contract, then Two "R" is not entitled to a defense and indemnification by virtue of that breach. We find no indication of an intention that compliance with the insurance provision in question is required for the indemnification provisions to remain effective. DeWoody v. Citgo Petroleum Corp., 595 So.2d 395 (La.App. 3rd Cir.1992). We find no intention on the part of the parties that the insurance provision requiring that Union be *20 named as an additional insured under policies procured by Two "R" was to satisfy Union's obligation to defend and indemnify Two "R".
We Affirm. Costs of appeal are assessed against appellant.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.