649 So.2d 1109 (1995)
U-HAUL CO. OF TEXAS, INC. and U-Haul Co. of Kentucky, Inc.
v.
WALKER BOAT YARD, INC. and William M. Dudley.
No. 94-CA-1184.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 1995.
*1110 James F. Shuey, Lemle & Kelleher, New Orleans, for appellants.
Philip D. Lorio, III, Gary B. Roth, Deutsch, Kerrigan & Stiles, New Orleans, for appellees.
Before KLEES, BYRNES and CIACCIO, JJ.
BYRNES, Judge.
Plaintiffs-appellees, U-Haul of Texas, Inc. and U-Haul Co. of Kentucky, Inc. (collectively "U-Haul") sued the defendants, Walker Boat Yard, Inc. and William M. Dudley (collectively "Walker") for damage to a moving van which Walker leased from U-Haul. The parties have stipulated that the damage was caused by the negligence of a crane operator who dropped a steel I-beam on top of the U-Haul vehicle. The crane operator was employed by a third party, American Marine which has since filed for bankruptcy. The vehicle was in the possession and control of Walker at the time it was damaged.
The trial court awarded U-Haul $13,101.00 for property damages; $150.00 for towing expenses; $2,295.00 for loss of use; $300.00 for storage; and $5,282.00 for attorney fees. Walker appeals. We affirm in part, amend in part and reverse in part.
U-Haul must rely entirely upon its contract. It has no tort claim against Walker. The contract is on a standard U-Haul form. Therefore, it will be strictly construed against U-Haul.[1] LSA-C.C. art. 2056.
Paragraph 6 of the contract provides that:
Customer promises to pay for any loss to the EQUIPMENT, including, but not limited to, loss caused by THEFT, VANDALISM, OVERLOAD and other MISUSE *1111 and COLLISION. Customer's DEPOSIT will be applied to cover EQUIPMENT loss. [Emphasis supplied]
The phrase "any loss to the EQUIPMENT" is clear, unambiguous, and broad enough to cover the damage done to the vehicle. The term "Collision" is also broad enough to cover the damage done when the I-beam struck the vehicle. Manard Molasses Co. v. Sun Ins. Office Limited., 170 So.2d 691, 692 (La.App. 4 Cir.1965); Barnard v. Houston Fire & Cas. Ins. Co., 81 So.2d 132, 135 (La.App. 2 Cir.1955); Albritton v. Fireman's Fund Ins. Co., 224 La. 522, 70 So.2d 111 (1953). The terms "THEFT" and "VANDALISM" reinforce the fact that "any loss" applies to loss caused by third parties.
Straley v. Calongne Drayage & Storage, Inc., 350 So.2d 1231 (La.App. 4 Cir.1977) cited by U-Haul in inapposite. Straley involves damage done to a third person by a defect in the leased object which defect the court attributed to the negligence of the owner. The court held the owner responsible for his negligence "... rather than for his simple ownership of the building." Straley at 1233. The Straley court went on to note that: "The language of the lease that shifts traditional landlord liability to the lessee is not specific enough to encompass an agreement by the lessee to indemnify the lessor for the latter's own negligent action." Id. In the instant case the damage was done by a third person, not to a third person, and the owner is not attempting to shift the consequences of his own negligence on to an innocent lessee. Walker does not allege that the damage occurred through any defect in the vehicle or through any negligence on the part of U-Haul. The public policy considerations in Straley are not present in the instant case.
Although paragraph 6 encompasses the type of "collision" that occurred when the I-beam struck the van, the provisions of the paragraph are limited to loss to the equipment only, not to other consequential damages sustained by U-Haul. This paragraph affords no basis for the trial court awards of towing expenses, loss of use, and storage.
U-Haul argues that it is also entitled to cover all items of damage claimed based on Paragraph 3 which provides:
Customer assumes all risks arising from the use of the EQUIPMENT and understands that EQUIPMENT can cause injury or death to customer or others if used improperly....
This language covers only damage caused by the vehicle, not damage done to the vehicle.
In its brief Walker states that: "Walker acknowledges that Paragraph 14 provides a basis for awarding attorney's fees of U-Haul, but objects to the amount of the award." The damage to the vehicle was established by stipulation. That damage could have been recovered by motion for summary judgment based on the contract. None of the witnesses testified about the lease contract at the trial. Their testimony was limited to items of damage that this court has denied. Therefore, Walker argues that U-Haul should not be awarded attorneys fees based on the amount of effort it put in to a trial on the merits that was only necessary because U-Haul chose to pursue other items of damage to which it was not entitled under the terms of the lease contract. Under the circumstances an award of $3,000.00 attorney fees to U-Haul is appropriate.
For the foregoing reasons that portion of the judgment awarding $13,101.00 to U-Haul for damage done to the vehicle is affirmed; that portion of the judgment awarding attorney fees to U-Haul is amended by reducing it to $3,000.00; and that portion of the judgment awarding other damages to U-Haul is reversed.
AFFIRMED IN PART, AMENDED IN PART, AND REVERSED IN PART.
NOTES
[1] U-Haul contends that because the contract gave Walker several options, including the right to purchase "Safemove" insurance that it should be treated as a freely negotiated contract instead of a standard form contract. The right to select options limited to a predetermined list on a preprinted form is still a standard form contract. There is no evidence that U-Haul would have permitted Walker to negotiate any changes in the language of the preprinted form.