UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30037
_____


SHAWN TULLIER,

                                                    Plaintiff,

                        versus

HALLIBURTON GEOPHYSICAL SERVICES, INC.,

            Defendant/Cross-Claimant/Cross-Defendant/Appellant.

                        versus

McCALLS BOAT RENTALS, INC.,

            Defendant/Cross-Defendant/Cross-Claimant/Appellee.


_____

        Appeals from the United States District Court
            for the Western District of Louisiana
_____

                    April 25, 1996

Before WISDOM, GARWOOD, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

        The contracting parties to a time charter for a vessel
used in the offshore oil and gas industry agreed to indemnify each
other for job-related liabilities and to back up the cross-
indemnity provisions with insurance.  Their dispute involves which
comes first, the "additional assured" coverage of McCall Boat
Rentals, Inc., or Halliburton Geophysical Services' indemnity
obligation.  Following established caselaw in this circuit, we hold
that the "additional assured" coverage must be exhausted before

HGS's indemnity responsibility is called into play. It is therefore necessary to reverse the district court's contrary decision and remand for further proceedings.

BACKGROUND

Shawn Tullier, an HGS employee, slipped and fell in a pool of water while working in the galley of McCall's vessel M/V JOYCE McCALL. Tullier sued and settled with HGS and McCall, triggering this controversy under the parties' time charter agreement. McCall and HGS had each agreed broadly to indemnify and defend the other party from and against claims brought by or on behalf of the indemnitor's employees. Time Charter Agreement ¶¶ 5.11.1 and 5.11.2. While the cross-indemnity provisions are for our purposes identical, the parties agreed to treat the insurance provisions backing up their indemnities quite differently. HGS was required "to insure the liabilities it assumes under this Time Charter with a manuscript comprehensive general liability coverage with appropriate maritime endorsements." ¶ 6.4. McCall, however, agreed to provide insurance as follows:

5.9 (b) Protection and Indemnity (P&I) insurance on SP-23 form to at least the full value of the vessel with minimum limits equal to $1,000,000.00 per occurrence. The P&I policy shall . . . be endorsed to amend the sistership clauses to provide full coverage for Additional Assureds for claims involving vessels or equipment owned, chartered or involving vessels or equipment owned, chartered or otherwise controlled by OWNER or Additional Assureds, and to provide contractual liability coverage covering the obligations of OWNER to HGS under time charter, and to delete the "as owner" limitations as respects the Additional

2

Assureds to underwriters against claims by the
Additional Assureds. . . .

(e) Comprehensive General Liability insurance )or
equivalent third party liability insurance)
with bodily injury and property damage limits
of $1,000,000.00 per accident or occurrence.
Follow form excess liability insurance shall
be obtained to provide single limit coverage
of no less than $5,000,000.00 per occurrence.

5.9.1 On all policies of insurance referred to
above, OWNER (McCall) shall obtain
endorsements from its underwriters providing
that HGS . . .shall be named by endorsement as
Additional Assureds.

5.9.2 All such insurance required herein shall be
endorsed to provide that the insurance
provided thereby shall be primary insurances,
as respects to the Additional Assureds,
irrespective of any "excess" or "other
insurance" clauses contained therein.

Thus, McCall's insurance was intended specifically to cover HGS as an additional assured, to delete the "as owner" limitations with respect to HGS, and to constitute primary coverage for the additional assureds.

Based on these provisions, McCall cross-claimed against HGS for defense and contractual indemnity for Tullier's settlement, and Halliburton cross-claimed against McCall for breach of the time charter because of McCall's alleged failure to provide insurance for HGS. (Each party had incurred costs in defending the Tullier claim.) The district court, ruling on cross-motions for summary judgment, approved McCall's position that because HGS was obliged to indemnify McCall's for injuries to HGS's employee, HGS could not rely on McCall's insurance -- through the additional insured provision -- to fulfill its responsibility. The court relied on

3

two cases, *Wilson v. JOB, Inc.*, 958 F.2d 653 (5th Cir. 1992), and *Spell v. NL Industries, Inc.*, 618 So.2d 17 (La. App. 3rd Cir. 1993).[1] Judgment was entered against HGS for McCall's indemnity and defense costs. HGS has appealed the judgment for McCall's and the rejection of its cross-claim for breach of contract.

### DISCUSSION

In a line of cases commencing with *Ogea v. Loffland Brothers Co.*, 622 F.2d 186 (5th Cir. 1980), this court has held that a party such as McCall, who has entered into a contractual indemnity provision but who also names the indemnitor, here HGS, as an additional assured under its liability policies, must first exhaust the insurance it agreed to obtain before seeking contractual indemnity. *See also, Klepac v. Champlin Petroleum Co.*, 842 F.2d 746 (5th Cir. 1988), rehearing denied 844 F.2d 788 (1988); *Woods v. Dravo Basic Materials Company*, 887 F.2d 618 (5th Cir. 1989). *Ogea* held that the insurance procurement and indemnity provisions of a drilling contract "must be read in conjunction with each other in order to properly interpret the meaning of the contract." *Ogea*, at 190. The court continued:

> By so doing, it is clear that the parties intended that Phillips would not be held liable for injuries incurred on its off-shore platform up to $500,000.00. The insurance to be acquired and maintained by *Loffland* would cover such damages. For damages in excess of $500,000.00, the indemnity provisions would come into effect. Because Ogea's

---

[1] *Spell*'s analysis is inconsistent with that of the Fifth Circuit in *Ogea v. Loffland Brothers Co.*, 622 F.2d 186 (5th Cir. 1980), but as *Spell* was decided under Louisiana law, whereas the case before us involves federal maritime law, *Spell* is not controlling and will not be further discussed.

4

> claim . . . and actual settlement are both less than $500,000.00, Phillips should not incur any liability. The indemnity provisions do not come into play. *Id*. at 190.

Shortly after this case was orally argued, another panel of this court affirmed a district court decision that relied on *Ogea* to interpret cross-indemnity and insurance procurement clauses in an HGS time charter that are nearly identical to those before us. *LeBlanc v. Halliburton Geophysical Services, Inc.*, No. 95-30501 (5th Cir. 1995) (summary calendar). When *LeBlanc* was issued, it became a precedential decision in our circuit.[2] *LeBlanc* is dispositive of this case. But because similar disputes seem to arise regularly, it is useful briefly to recapitulate the reasoning that supports application of the *Ogea* principle even where both parties have insured their indemnity obligations.

McCall seeks to distinguish *Ogea* on two grounds and to gain support from it on one. First, in *Ogea*, the only insurance obligation under the contract required *Loffland* (the party entitled to indemnity) to secure insurance for Phillips (the indemnitor) as an additional assured. But here, McCall points out, HGS, the indemnitor, agreed to cover its liability under the time charter agreement by purchasing insurance. Second, *Ogea* states that Phillips specifically negotiated the obligation of *Loffland* to procure insurance for Phillips, whereas no similarly specific bargain was struck with HGS. Taking advantage of *Ogea*, however,

---

For all unpublished opinions rendered after January 1, 1996, however, the court has determined that such opinions will no longer have precedential value. *See* Fifth Circuit Local Rule 47.5.1.

5

McCall observes that the opinion criticized *Loffland's* emphasis on the mutual indemnity clauses to the exclusion of the insurance purchase clause of the parties' contract. Similarly, according to McCall, HGS hopes to enforce the insurance procurement provision imposed on McCall while ignoring its own contractual liability to furnish insurance.

These distinctions are not persuasive. The controlling fact in *Ogea,* as in this case and in *LeBlanc, Klepac*, and *Woods* is the existence of "additional assured" coverage whereby an indemnitee agreed to procure insurance coverage for the benefit of the indemnitor. The import of the additional assured clause is emphasized here because the time charter also required that insurance procured by McCall must afford primary coverage to HGS. The time charter could hardly have been more specific in protecting HGS's indemnity obligation by means of McCall's insurance.

The fact that the parties may not have directly negotiated this result, as they apparently did in *Ogea*, is not controlling. *Ogea* rests on the legal imperative to read the indemnity and insurance procurement provisions harmoniously. *Ogea, supra* at 190. Moreover, as HGS notes, it is not unfair for McCall's additional assured coverage to bear HGS's indemnity obligation here because, if McCall complied with the insurance procurement provision, it could have charged HGS for the enhanced insurance coverage as part of its daily rental rate. HGS paid for the insurance one way or another.

Finally, this interpretation of the insurance procurement provision does not ignore HGS's agreement to "insure the liabilities it assumes" under the contract. McCall was required to supply primary coverage up to $1,000,000 per incident, with HGS as an additional assured. HGS, therefore, contracted to insure liabilities over that amount in fulfillment of its indemnity responsibility. All provisions of the HGS-McCall time charter are integrated by the *Ogea-LeBlanc* reasoning that the unilateral insurance procurement provision precedes the indemnity requirement of the contract.

Like the district court, McCall also relies on *Wilson v. JOB, Inc., supra*, a case that interpreted reciprocal indemnity provisions and mutual insurance requirements. *Wilson* did not cite *Ogea, Klepac or Wood*, and it is distinguishable from those cases. The indemnity provisions in *Wilson* required the charterer of the vessel to hold the owner harmless for claims arising directly out of the charterer's "actual drilling operations". *Id*. at 655. In addition, the charterer was required to procure insurance to protect the owner for liability only with respect to "actual drilling operations." *Wilson*, at 658. In mirror-image provisions, the vessel owner was required to indemnify the charterer and procure insurance for the charterer's benefit with respect to "vessel operations." The insurance policies obtained by each party could not satisfy the other's indemnity obligation. The interrelationship and substance of the indemnity and insurance

7

clauses in *Wilson* cannot be compared with the dissimilar provisions between HGS and McCall.

Ogea and its progeny most appropriately guide the resolution of this case, even though HGS as well as McCall undertook an obligation to insure liabilities under the time charter. HGS's insurance obligation, however, like its indemnity duty, was qualified by the provision requiring McCall to name HGS as an additional assured and to render that insurance as primary coverage.

For these reasons, the district court erred in granting McCall's summary judgment motion while denying HGS's demand for insurance coverage from McCall and dismissing HGS's cross-claim for breach of contract in the event McCall did not comply with its obligation to obtain such insurance. The record is not clear as to whether McCall purchased the appropriate insurance or what remedy is due to HGS. Consequently, we must remand for the district court to conduct further proceedings on HGS's cross-claim.

CONCLUSION

For the foregoing reasons, the judgment of the district court in favor of McCall is **REVERSED**, and the case is **REMANDED** for further proceedings consistent herewith.