**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-30169

MURPHY LeBLANC,

Plaintiff,

MARINE DRILLING MANAGEMENT CO.,

Third-Party Plaintiff-Appellant,

versus

GLOBAL MARINE DRILLING CO.,

Defendant,

FRANK'S CASING CREW & RENTAL TOOLS, INC.,

Third-Party Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana

October 22, 1999

Before REYNALDO G. GARZA, POLITZ, and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

This litigation involves a contractual dispute which requires a determination whether Marine Drilling Management Co. is entitled to assured status under its contract with Frank's Casing Crew & Rentals Tools, Inc. For the reasons assigned we conclude and hold in the affirmative.

## BACKGROUND

Marine entered into a contract with Shell Offshore, Inc. requiring Marine to perform certain drilling services. In turn, Shell contracted with Frank's for the performance of casing operations in connection with Shell's contract with Marine.

Marine, as contractor, and Frank's, as subcontractor, executed a master service agreement (MSA) which covered the drilling/casing work. Paragraph 7.2 of the MSA obligated Frank's to indemnify Marine, and paragraph 6.3 required Frank's to list Marine as an additional assured in its insurance policies. Paragraph 7.1 limited these obligations to injuries "arising out of the performance of [the MSA]."

Murphy LeBlanc, a Frank's employee, was injured while performing work for Shell on a rig owned by Marine. LeBlanc sued Marine which filed a third-party complaint against Frank's, seeking assured status under paragraph 6.3 of the MSA.

The trial court granted summary judgment to Frank's, holding that the assured clause was not triggered by the injury, reasoning that LeBlanc's injury arose out of the contract between Shell and Frank's, and not out of the MSA. This appeal followed.

## ANALYSIS

Summary judgment is appropriate if the evidence establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] We review a summary judgment ruling de novo, applying the same criteria employed by the trial court.[2]

This appeal involves a contractual interpretation. The trial court found the MSA inapplicable. We do not agree. The pertinent provision of the MSA prescribes:

---

[1]Fed. R. Civ. P. 56(c).

[2]**Conkling v. Turner**, 18 F.3d 1285 (5th Cir.1994).

With respect to work or service performed by Subcontractor [Frank's] pursuant to contracts or work orders with other parties as aforesaid on or for any drilling barges, vessels, platforms, installations or other property of any kind owned by, leased to, chartered to, under the control of, or upon which Contractor [Marine] may be performing services or operations, paragraphs 6 [under which Frank's must list Marine as an assured in certain insurance policies], 7, 8, 9, 10, 12 and 16 shall be applicable as between Contractor and Subcontractor.[3]

We view this language as reflecting a clear contemplation that Frank's would work for a third party on a rig owned by Marine, and that paragraph 6 -- which contains the clause regarding assured status -- would apply in such a situation. Paragraph 7.1, limiting liability to injuries "arising out of the performance of [the MSA]," is not to the contrary.

Frank's advances an alternative basis for the trial court's holding. Relying on a provision in the Longshore and Harbor Workers' Compensation Act,[4] Frank's contends that the agreement with respect to assured status is invalid because it is tied to the statutorily-barred agreement to indemnify.

The specific statutory section upon which Frank's relies, 33 U.S.C. § 905(b), provides that an employer shall not be liable for any injury to a covered employee caused by the negligence of a vessel, and that any agreement "to the contrary shall be void." In **Voisin v. O.D.E.C.O. Drilling Co.**,[5] under virtually identical circumstances as the case at bar, we held that § 905(b) does not invalidate an agreement requiring an employer to list a vessel owner as an additional assured.

---

[3]Paragraph 1.2.

[4]33 U.S.C. § 901 **et seq.**

[5]744 F.2d 1174 (5th Cir. 1984).

3

We concluded that "[n]either the [LHWCA] nor its legislative history suggest[s] that additional assured clauses such as the one before us are a proscribed form of indirect liability."[6] Although we affirmed the trial court's invalidation of the indemnity clause, we reversed its determination that the assured clause similarly was void.

Frank's seeks to distinguish the case before us from **Voisin**, suggesting that, unlike the contract in **Voisin**, the MSA conditions the enforceability of the assured clause upon the enforceability of the indemnity clause. Frank's focuses upon the following language:

> **[T]o the extent Subcontractor [Frank's]** assumes liability hereunder, and **agrees to indemnify Contractor [Marine]**, Contractor shall be named an additional insured in [certain] insurance policies.[7]

The emphasized phrasing, Frank's insists, specifically makes contingent the validity of the assured clause upon that of the indemnity clause. Continuing, Frank's maintains that if the indemnity clause is invalid the assured clause also must fall.[8]

We are not persuaded that any provision in the MSA, or any language excerpted above, intends such a result. The contractual interpretation advanced by Frank's would have significant force if the MSA required a **valid** indemnity agreement as a precondition to one obtaining assured status. Such is not the

---

[6]**Id.** at 1177.

[7]Paragraph 6.3 (emphasis added).

[8]Marine now concedes that the indemnity clause is invalid.

situation before us. The MSA merely states that as Frank's **agrees** to indemnify Marine, it concomitantly agrees to list it as an additional assured on its policies. Consequently, we conclude that Frank's obligation to list Marine as an additional assured automatically arose upon its agreement to indemnify Marine in paragraph 7.2. The language of indemnification defines the parameters of the agreement regarding assured status. If the parties had determined to condition Marine's assured status upon the legal enforceability of the indemnity agreement, they very easily could have done so. Under the contractual language as agreed to, however, the MSA may not reasonably be construed as Franks's proposes.

Frank's next maintains that the MSA must fail for lack of consideration. Once again, the teachings of **Voisin** guide our resolution. We therein dismissed this contention in a footnote:

> In regard to the general validity of the agreement, Rig Hammers [the employer] suggests that the [Contract] is void for lack of consideration. . . . [H]owever, "[t]he economic burden of the premiums can be allocated as the parties wish." The record reflects that Odeco [the vessel owner] and Rig Hammers had an ongoing business relationship. On some occasions, Rig Hammers would be performing its services for Odeco; in other cases, Rig Hammers would be on board the Odeco vessel, but working under contract for a third party. . . . In either situation, the [Contract] was the operative agreement establishing the rights and liabilities of the parties. In all likelihood, the cost of Rig Hammers' services was effected by its contractual obligation to name Odeco as an additional assured on its liability insurance policies. Under these circumstances, we cannot accept Rig Hammers' contention that the agreement was not supported by sufficient consideration.[9]

Frank's seeks to neuter this effective holding by pointing to purported factual

---

[9]**Voisin**, 744 F.2d at 1177-78 n.2 (citations omitted).

differences between Rig Hammers' relationship with Odeco and its relationship with Marine. A close reading reflects, however, that the facts upon which Frank's heavily relies were of little relevance to the rationale of the **Voisin** court and likewise have little relevance in today's resolution. The factors significant to the **Voisin** decision are those identified by the court. Those factors are present in the instant action. The record compels a rejection of Frank's claim that the MSA fails for want of consideration.

Finally, Frank's claims in this litigation that Shell is the real party in interest because it has assumed Marine's defense and has agreed to indemnify Marine under their contract. Based on this, Frank's insists that Shell is seeking contractual benefits from it and attempting to recover for Shell's own contractual obligations to Marine. Neither result, Frank's contends, is permissible under the MSA. We are not persuaded. Shell is not a party to this action and its purported backstage maneuvering is wholly inapposite to the focused issue of contractual interpretation we face. The agreement between Shell and Marine is not in the record before us. The cases cited by Frank's in support of this contention bespeak their own inapplicability; none addresses the factual situation at bar.[10] The burden to be borne by Shell, if any, is not an issue that can be resolved on this appeal.

The summary judgment appealed is VACATED and the matter is REMANDED for further proceedings not inconsistent herewith.

---

[10]Frank's cites **Foreman v. Exxon Corp.**, 770 F.2d 490 (5th Cir. 1985); **Corbitt v. Diamond M. Drilling Co.**, 654 F.2d 329 (5th Cir. 1981); **Campbell v. Sonat Offshore Drilling, Inc.**, 27 F.3d 185 (5th Cir. 1994); and **Hobbs v. Teledyne Movible Offshore, Inc.**, 632 F.2d 1238 (5th Cir. Unit A 1980).