ACCEPTED
01-13-00817-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/16/2015 10:53:10 AM
CHRISTOPHER PRINE
CLERK

## NO. 01-13-00817-CV

# IN THE COURT OF APPEALS FOR THE FIRST DISTRICT AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/16/2015 10:53:10 AM
CHRISTOPHER A. PRINE
Clerk

# HERCULES OFFSHORE, INC. AND THE HERCULES OFFSHORE DRILLING COMPANY, LLC,
*Appellants,*

*v.*

# EXCELL CRANE & HYDRAULICS, INC.,
*Appellee.*

## ON APPEAL FROM THE 133RD DISTRICT COURT
## HARRIS COUNTY, TEXAS

## HERCULES OFFSHORE, INC. AND
## THE HERCULES OFFSHORE DRILLING COMPANY, LLC'S
## OPPOSITION TO EXCELL CRANE & HYDRAULICS, INC.'S
## MOTION FOR REHEARING

**JENNIFER E. MICHEL**
State Bar No. 24033989
LEWIS BRISBOIS BISGAARD
& SMITH LLP
100 E. Vermilion Street, Suite 300
Lafayette, Louisiana 70501
Telephone: (337) 326-5777
Facsimile: (337) 504-3341

**MICHAEL JACOBELLIS**
State Bar No. 10515100
LEWIS BRISBOIS BISGAARD
& SMITH LLP
3355 West Alabama, Suite 400
Houston, Texas 77098
Telephone:  (713) 659-6767
Fax: (713) 759-6830

**Attorneys for Appellants**

4811-9345-2321.1

# TABLE OF CONTENTS

OPPOSITION ARGUMENTS AND AUTHORITIES ............................................................. 4

CONCLUSION AND PRAYER ................................................................................. 14

CERTIFICATE OF SERVICE .................................................................................... 16

**CASES**

*Aviation Office of Am. v. Alexander & Alexander of Tex., Inc.,* 751 S.W.2d 179
(Tex. 1988)..............................................................................................................4

*Becker v. Tidewater*, 586 F.3d 358 (5th Cir. 2009) ...................................................7

*Employers Casualty Co. v. Block*, 744 S.W.2d 940 (Tex.1988) ...............................9

*Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.,* 256 S.W.3d 660
(Tex. 2008).............................................................................................................9

*Hercules Offshore v. Excell Crane & Hydraulics, Inc.*, 2014 Tex. App. LEXIS
12557 (Tex. App. Houston 1st Dist. Nov. 20, 2014).......................................*passim*

*LeBlanc v. Global Marine Drilling Co.*, 193 F.3d 873 (5th Cir. 1999)....................7

*Lloyd's of London v. Oryx Energy Co.*, 142 F.3d 255 (5th Cir. 1998)......................7

*Mid Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487 (5th Cir. 2000) .............7

*Ogea v. Loffland Brothers Co.*, 622 F.2d 186 (5th Cir. 1980)   ......................*passim*

*Parfait v. Jahncke Service, Inc.*, 484 F.2d 296 (5th Cir.1973) .................................9

*Tullier v. Halliburton Geophysical Servs., Inc*., 81 F.3d 552
(5th Cir. 1996) .....................................................................................................5, 6

*Voisin v. O.D.E.C.O. Drilling Co.,* 744 F. 2d 1174 (5th Cir. 1984)..................12, 13

*Wentworth v. Meyer*, 839 S.W.2d 766 (Tex. 1992)..............................................4, 11

**TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:**

### OPPOSITION ARGUMENT AND AUTHORITIES

MAY IT PLEASE THE COURT:

The sole purpose of a motion for rehearing is to provide the Court an opportunity to correct any errors on issues earlier presented. *Wentworth v. Meyer*, 839 S.W.2d 766, 778 (Tex. 1992). A motion for rehearing does not afford a litigant an opportunity to raise new issues, especially after the case has been briefed, argued, and decided on other grounds. *Wentworth*, 839 S.W.2d at 778 (citing *Aviation Office of Am. v. Alexander & Alexander of Tex., Inc.,* 751 S.W.2d 179 (Tex. 1988). To be meritorious then, the mover should be able to cite some tangible error in support of its application.

Excell points to no specific error in this court's original ruling. Rather, Excell's motion is simply a request that this Court revisit and decide differently the very same issues it considered on initial review. The motion seeks a wholesale re-evaluation of the entire case, rather than correction of specific assignments of error for which the rehearing process is designed. Accordingly, Excell's Motion for Rehearing should be denied.

### The *Ogea* Rule Applies Even to a Claim by Hercules' Employee

Excell's first argument, that the *Ogea* rule does not apply because the underlying Plaintiff in *Ogea* was a third party where, here, Brunson was Hercules'

employee, was briefed and argued on initial review but properly rejected by this Court. See Brief of Appellee Excell Crane & Hydraulics, December 23, 2013, pp. 18-20; *Hercules Offshore v. Excell Crane & Hydraulics, Inc.*, 2014 Tex. App. LEXIS 12557, 10 (Tex. App. Houston 1st Dist. Nov. 20, 2014) (This case is not controlled by *Ogea*.). Additionally, this very argument has been rejected by jurisprudence following *Ogea v. Loffland Bros., 622 F.2d 186 (5th Cir. 1980).*

In *Tullier v. Halliburton Geophysical Servs., Inc.*, as here, the parties to a time charter agreed to broadly defend and indemnify each other from and against claims brought on behalf of the indemnitors' employees. 81 F.3d 552, 553 (5th Cir. 1996). The party seeking indemnity in the lawsuit, McCall Boat Rentals, had also agreed to procure Protection and Indemnity (P&I) coverage including the other party, Halliburton, as an additional assured. *Id.*

The district court held in McCall's favor on its indemnity claim, reasoning that because Halliburton was required to indemnify McCall for injuries to Halliburton employees, Halliburton could not rely on McCall's insurance coverage to fulfill its obligation. *Id.* The appellate court reversed the district court's decision, however, following the *Ogea* line of cases.

Excell also once again argues the insurance required of both parties to support the indemnity agreement somehow impacts the *Ogea* rule regarding the separate and independent additional insured obligation undertaken solely by

Excell. This Court rejected this exact argument on initial review. *Hercules Offshore*, 2014 Tex. App. LEXIS 12557 at 13-14 ("Paragraph 15.D. required Hercules to procure insurance to support its indemnity obligation, but that insurance is not triggered until after the limits of insurance that Excell agreed to purchase under Paragraph 9 and Exhibit A are exhausted.").

This Court correctly relied upon *Tullier*, which had rejected any notion that the indemnitor's duty to insure its indemnity obligation would in any way bear upon the responsibility of the indemnitee to obtain additional insured coverage in favor of the indemnitor. The *Tullier* court concluded it does not. ("[T]his interpretation of the insurance procurement provision does not ignore [Halliburton's] agreement to 'insure the liabilities it assumes' under the contract. McCall was required to supply primary coverage up to $1,000,000 per incident, with [Halliburton] as an additional assured. [Halliburton], therefore, contracted to insure liabilities over that amount in fulfillment of its indemnity responsibility.").

Similarly, here, Hercules' agreement to insure its indemnity obligation does not alter the conclusion that Excell and Excell alone agreed to provide additional insured coverage to Hercules.

Excell next mistakenly attempts to limit its obligation to provide additional insured coverage to Hercules to the scope of the indemnities undertaken by each party. Excell, relying on its own indemnity obligation to Hercules, somehow

argues the additional insured coverage should then be restricted to third party liability. The Excell MSA contains NO wording limiting the obligation to obtain additional insured coverage to the extent of the indemnity undertaken or to third party liability. The only time Courts have allowed a separate additional insured obligation to be controlled by an indemnity obligation is when the wording of the additional insured obligation **expressly** makes the additional insured obligation of the contract dependent on the indemnity obligation undertaken in the same contract. See *Lloyd's of London v. Oryx Energy Co.*, 142 F.3d 255, 258 (5th Cir. 1998); *Mid Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 494, n.8 (5th Cir. 2000); *LeBlanc v. Global Marine Drilling Co.*, 193 F.3d 873, 875 (5th Cir. 1999); and *Becker v. Tidewater*, 586 F.3d 358, 370 (5th Cir. 2009). Such limiting language is NOT contained in the Hercules/Excell MSA.

Excell's further assertion that Excell did not agree to insure Hercules for employee claims based on Hercules' independent fault, rather than vicarious liability for Excell's fault, is patently false. Rather, the MSA expressly requires (1) Hercules to be named an additional insured; and (2) the coverage extended to Hercules as an additional assured to not be less than that provided to Excell itself. (CR 91). Nowhere in the MSA was the additional insured requirement restricted to vicarious liability or to the indemnities undertaken. Rather, Excell was required to obtain no less coverage for Hercules than it had for itself, (CR 91), and Excell's

insurance coverage was to be primary/non-contributory to Hercules' own coverage.

Excell also claims "the exclusion of the Worker's Compensation policy from the additional insured requirement confirms that the insurance was not intended to cover Hercules for claims made by its employees." At another point in its Motion, Excell misleadingly suggests both "Worker's Compensation/Employer's Liability" policies are excluded from the additional insured requirement. That is simply not the wording of the contract.

Excell is correct that additional insured coverage was not required under the worker's compensation policy. However, Excell ignores the MSA's wholly separate requirement that additional insured coverage WAS to be afforded under Excell's Employer's Liability coverage for onshore and overwater operations. Under the MSA, the Worker's Compensation and Employer's Liability policies are separately listed requirements, (CR 91), and only the Worker's Compensation policy is excluded from the additional insured obligation. Excell's position on this point likewise fails.

### Excell is Barred from Contesting the Reasonableness of the Brunson Settlement

Excell complains that Hercules settled the Brunson claim without input or approval from Excell. Even more egregiously, Excell suggests Hercules was not damaged by Excell's breach of its agreement to provide additional insured

coverage to Hercules. Excell, tellingly, does not dispute that it was given notice of Hercules' claim for defense, indemnity and additional insured coverage and an opportunity to participate in the impending settlement. Indeed, Hercules made demand on Excell prior to settlement of Mr. Brunson's claim, which was rejected by Excell. Having denied liability and having refused to defend the Brunson matter, Excell is bound by the settlement.[1]

Excell has waived and/or is estopped from contesting the reasonableness of the settlement. The Texas Supreme Court has repeatedly recognized that one who wrongfully refuses to defend or indemnify is precluded from collaterally attacking the reasonableness of a settlement entered into between an insured and a third party. See e.g. *Employers Casualty Co. v. Block*, 744 S.W.2d 940, 943 (Tex.1988); *Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660, 671 (Tex. 2008). Further, where an indemnitor refuses to approve a settlement and/or refuses to indemnify the indemnitee, then the indemnitee is only required to show *potential* liability to the original plaintiff to support his claim for indemnity. *Parfait v. Jahncke Service, Inc.*, 484 F.2d 296, 305 (5th Cir.1973).

---

[1] Excell's brief is replete with incorrect references to facts not in evidence, e.g., settlement negotiations/mediation discussions, not appropriate for consideration by this Court. Excell is also confusing the injuries sustained by Dennis Brunson with those less severe sustained by fellow employee, Kevin Currey, who filed suit in Louisiana. For clarification, Dennis Brunson suffered several injuries to his right ankle, right knee, lower and middle back, and neck, as well as a hernia. Mr. Brunson no less than seven surgeries as a result of his injuries.

In short, Texas courts have refused to allow a party to do what Excell is attempting to do here – to repeatedly deny responsibility/coverage for a loss and then complain about the amount spent when the other party, left to its own devices, prudently resolves the claim.

## Dismissal of Excell's Cross-Claim is Warranted

Excell acknowledges, if *Ogea* applies, it dictates that Excell cannot recover defense costs or seek indemnity until its policy limits are exhausted.  Excell argues, because the record does not contain evidence regarding the amount of the settlement, its indemnity claim cannot be dismissed.

Excell has no claim for indemnity since it acknowledges Hercules funded and Excell paid nothing toward settlement of the Brunson claim.  Assuming Excell is actually concerned with recovery of its defense costs, this Court, in remanding the case to the district court, expressly acknowledged the potential that Excell would be entitled to a to an offset for any amounts Hercules owed after exhaustion of the additional insured coverage.  *Hercules Offshore*, 2014 Tex. App. LEXIS 12557 at 21 ("[W]e remand to the trial court to determine the amount of Hercules's damages **and whether Excell is entitled to an offset**.).  (Emphasis added.).  Thus, Excell's concern is properly protected by the Court's current ruling.

**If Excell Failed to Obtain the Required Insurance, it Breached the MSA**

Remarkably, after steadfastly claiming time and again throughout the course of this litigation that its policy afforded no coverage to Hercules, Excell now seeks to prevent this Court from accepting Excell's own representations. Excell now contends, "there is absolutely no record evidence" to support the Court's finding on the following point: "It is undisputed that Excell obtained some insurance coverage, but Excell concedes that it did not obtain coverage of the type Hercules argues that Paragraph 9 and Exhibit A require." *Hercules Offshore*, 2014 Tex. App. LEXIS 12557 at 5-6. But this is exactly what Excell plainly argued before the trial court and before this Court. See Brief of Appellee Excell Crane & Hydraulics, December 23, 2013 ("Excell's insurance does not apply in this case." p. 27; "The insurance does not apply to Hercules given the indisputable facts of this case." p. 29; "Hercules does not qualify as an additional insured."). Excell's sudden change of position is not proper on rehearing, where a mover is barred from raising new issues. *Wentworth,* 839 S.W.2d at 778.

Excell further asserted in its initial brief that it was not required to obtain insurance without exclusions. See Brief of Appellee Excell Crane & Hydraulics, December 23, 2013, p. 28). However, Excell did not claim then nor do they claim now that an exclusion in the policy bars coverage. Rather, Excell claims its insurance did not afford coverage because the additional insured endorsement was

restrictive and applied in favor of Hercules only when a third party claim was made against it for the vicarious fault of Excell as its contractor and not for Hercules' fault for its own employee's claim. See Brief of Appellee Excell Crane & Hydraulics, December 23, 2013, pp. 28-29). Thus, by Excell's own admission, it was in breach of the MSA by failing to obtain the unrestricted additional insured coverage required by the MSA, and this Court's recognition of this is not in error.

If Excell did in fact obtain restrictive coverage for Hercules, it would have done so in direct breach of the MSA. Moreover, Excell's position has been firmly rejected by prior case law. In *Voisin v. O.D.E.C.O. Drilling Co.,* 744 F. 2d 1174 (5th Cir. 1984), the United States Fifth Circuit Court of Appeals held that a stevedore breached its contractual obligation by failing to add the vessel owner as an additional insured in the unqualified manner directed by the contract between the parties. There, the Master Service Contract between O.D.E.C.O. and Rig Hammers required Rig Hammers to carry various kinds of insurance with stated minimum limits. Paragraph 8(f) of the contract specifically provided that all policies of [Rig Hammers] ... shall name [O.D.E.C.O.] as an additional assured . . . ." Rig Hammers had an endorsement added to its comprehensive general liability policy; however, the endorsement contained the qualification that the insurer "assum[ed] no greater liability . . . than would have been assumed by insuring the

indemnity clause contained in the contract between Rig Hammers and O.D.E.C.O*.*" *Voisin*, 744 F. 2d at 1175-1176.

The Fifth Circuit held that Rig Hammers breached the Master Service Contract by "failing to add O.D.E.C.O. as an additional assured in the unqualified manner directed by paragraph 8(f) of the contract." *Voisin*, 744 F. 2d at 1179. Recognizing that O.D.E.C.O. was forced to expend monies that it would not have owed in the absence of Rig Hammers' breach, the Fifth Circuit remanded for a determination of damages, including the availability of attorneys' fees. This is exactly what happened in this case, and this Court's remand for a determination of damages by the district court is proper.

For the same reasons, Excell's argument that Hercules could have invoked Paragraph 9 of the MSA also fails. (This, too, is a new argument on rehearing that should be rejected.). Paragraph 9, as quoted by Excell, is triggered only when the insurance policies required under the MSA were not "procured or maintained," and in the event the required policies were not "procured or maintained," Paragraph 9 gives Hercules the *option* of purchasing similar coverage and charging the cost to Excell, terminating the MSA, or reducing the contract payments to Excell. Hercules could not have invoked this provision, as a policy of insurance was purchased by Excell. Excell does not disagree that it purchased insurance; rather, Excell concedes no coverage was afforded to Hercules for the Brunson accident

because the policy at issue contained a restrictive additional insured endorsement. Paragraph 9 is not triggered in this instance, and *Ogea's* either/or approach controls, as this Court appropriately held.

<u>CONCLUSION AND PRAYER</u>

Excell's Motion for Rehearing is an attempt to have this Court re-evaluate and re-analyze the entire case. The application does not identify any specific errors in the conclusions of this Court, but rather alleges error in the resolution of the case in its entirety. Hercules therefore submits that the motion falls considerably short of satisfying the burden necessary to reverse this Court's original decision, which was in all respects, correct.

For the foregoing reasons, Hercules prays Excell's Motion for Rehearing be denied and that this Court's original opinion be upheld.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ Jennifer E. Michel*
JENNIFER E. MICHEL
State Bar No. 24033989
100 East Vermilion Street, Suite 300
Lafayette, Louisiana 70501
Telephone: (337) 326-5777
Facsimile: (337) 504-3341

AND

MICHAEL JACOBELLIS
State Bar No. 10515100
3355 West Alabama, Suite 400
Houston, Texas 77098
Telephone:  (713) 659-6767
Fax: (713) 759-6830
**Attorneys for Appellants**

## CERTIFICATE OF SERVICE

Pursuant to TEX. R. CIV. P. 21a and TEX. R. APP. P. 25.1 (e), I hereby certify that a true and correct copy of the foregoing instrument has been served upon the following:

Kevin M. Dills
Davidson, Meaux, Sonnier & McElligot
810 South Buchanon St.
P.O. Box 2908
Lafayette, LA 70504

Rick Oldenettel
Oldenettel & McCabe
510 Bering, Suite 675
Houston, TX 77057

BY THE FOLLOWING:

| | |
|---|---|
| ___x___ | Certified Mail/Return Receipt Requested |
| _____ | Telephonic Document Transfer (Fax) |
| _____ | Federal Express/Express Mail |
| _____ | Hand-Delivery (In Person) |
| _____ | First Class Mail |

DATE:      January 16, 2015

_/s/ Jennifer E. Michel_
JENNIFER E. MICHEL