KLEES, Judge.
Third party plaintiff, Shell Offshore, Inc., (“Shell”), appeals a summary judgment dismissing third party defendant, Danos & Curóle Marine Contractors, Inc. (“Danos”), from this suit. We affirm.
Danos is a contractor which entered into an agreement with Shell to provide services and equipment in connection with a construction job on Shell’s South Timbalier 72(b) platform. This fixed production platform is located on the outer Continental Shelf in the Gulf of Mexico. Belva Webb, plaintiff in the principal action, was a Da-nos employee working on the platform owned by Shell.
On March 9, 1986, Mr. Webb was allegedly injured while working on the platform. Subsequently, Mr. Webb brought this action against Shell for injuries sustained in the accident. Shell then filed a third party demand against Danos, seeking indemnification and defense pursuant to the purchase order contract (“contract”) entered into by Shell and Danos.
Danos subsequently moved for summary judgment seeking dismissal from the suit, which was granted by the court below. Shell appeals that judgment.
Shell alleges that it was error to dismiss Danos from this suit since there are material issues of fact to be resolved. In support of its position, Shell advances three arguments: 1) Danos may be liable to Shell under a theory of tort indemnity; 2) Danos may be liable to Shell under contractual indemnity; and 3) Danos is liable to Shell for costs and attorney’s fees incurred in defending this action pursuant to the contract.
Since the accident occurred on a fixed platform on the Outer Continental Shelf, Mr. Webb’s exclusive remedy is under the Longshoremen’s and Harbor Workers’ Compensation Act (LHWCA), and not the Louisiana Worker’s Compensation Act. Smith v. Chevron Oil Company, 517 F.2d 1154 (5th Cir.1975); 43 U.S.C. § 1333; 33 U.S.C. § 901 et seq. Shell first asserts that if it is found to be liable to Mr. Webb in the principal action, Danos should be liable to Shell under a theory of tort indemnity.[1]
The LHWCA provides tort immunity to the employer, Danos, not only directly from the employee but also from anyone claiming under or through such employee. Causey v. K & B Equipment Co., Inc., 467 So.2d 1266 (La.App. 4th Cir.1985). Thus Danos is immune from tort indemnity to Shell.
Shell next argues that Danos is under an obligation to indemnify Shell under an express warranty to perform work in a “good and workmanlike manner” as per paragraph 10 of the work order conditions in the contract. Third party plaintiff asserts that this court should fashion out of that provision a remedy sufficient to keep Danos in this suit to indemnify Shell should it be cast in judgment in the principal action. We do not find such a remedy to be the intention of the parties. Under Louisiana law a warranty of workmanlike per *278 formance generally refers not to accidents such as the case at bar but rather to the obligation to ensure that upon completion, the project is free from defects in material and workmanship. See La.C.C. art. 2769. That interpretation is in accord with the rest of paragraph 10 of the contract. In addition, a provision must be construed in light of other provisions, and the clear language of the contract reveals that the parties specifically chose to address the issue of indemnification elsewhere. La.C.C. art. 2050. Thus we find Shell’s second contention to be without merit.
Finally, Shell asserts that Danos should remain in the suit because they are liable to Shell for defense costs and attorney’s fees pursuant to another provision in the contract. However, a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid. Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987). In addition, the Louisiana Oilfield Indemnity Act (La. R.S. 9:2780) prohibits indemnity for cost of defense where there is “negligence or fault (strict liability) on the part of the indemni-tee.” Meloy, supra. Thus Shell must assert its action for defense costs after the termination of the instant suit and may only recover if it is free of negligence or fault.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.

. It should be noted that Shell does not dispute that the indemnity provision found in paragraph 11 of the work order conditions in the contract is invalid as against public policy since it purports to indemnify Shell for its own negligence. La.R.S. 9:2780, applied through 43 U.S.C. § 1333(a)(2)(A); Meloy v. Conoco, 504 So.2d 833 (La.1987).