liLOBRANO, Judge.
This ease requires our interpretation of an indemnity provision in a maritime contract *1288 between the contractor-appellee, John E. Graham & Sons (Graham) and the company-appellant, Columbia Gulf Transmission Company (Columbia). The issue reaches this court as a result of the trial court’s grant of Graham’s motion . for summary judgment, which dismissed Columbia’s third party demand for legal and contractual indemnity from Graham. Initially the plaintiff, Robert Thibodaux, sued Columbia for personal injuries; Thibodaux supplemented the petition to name Graham as a defendant. However, the plaintiff later dropped his claims against Graham, and dismissed it from the suit with prejudice. Columbia did not file its third party demand for indemnification until after Graham had been released from the suit. Columbia appeals the dismissal of that third party demand.
This case arises from a 1992 accident aboard an offshore supply vessel, the M/V Herman G. At that time, the Herman G. was owned and operated by Graham, but under charter to Columbia. In June of 1992, plaintiff Robert Thibodaux was an employee of Columbia and was working aboard the Herman G. ^Thibodaux allegedly injured himself in the course of his duties, and initially sued Columbia and then Graham.
Columbia’s cross claim asserted that Graham was partly at fault for causing Thibo-daux’s injuries, and further argued that the service agreement on the M/V Herman G. obligated Graham to provide a defense for Columbia. Graham filed for summary judgment, which was granted. The trial court concluded that there were no grounds to hold Graham at fault in Thibodaux’s accident. However, the court did not rule on whether or not Graham was contractually obligated to provide Columbia a defense. Columbia filed a motion to reconsider, which was also denied. From the summary judgment and the denial of the motion to reconsider, Columbia appeals.
Columbia does not renew its claims that Graham is at fault for the accident; this appeal is centered entirely on the issue of whether or not Graham is contractually obligated to provide a defense. Columbia bases its claim on the following provision in the service agreement:
Contractor [Graham] shall indemnify and hold harmless Company [Columbia] from and against any and all loss, damage and liability and from any and all claims for damages on account of or by reason of bodily injury, including death, which may be sustained or claimed to be sustained by any person, including the employees of Contractor, and from and against any and all damages to .property, including loss of use, and including property of Company, provided such are actually caused by or arise out of negligent acts or omissions of Contractor or its agents or employees in connection with the performance of this contract, whether or not insured by either Company or Contractor; provided, however, that the foregoing indemnification shall not cover loss, damage or liability arising from the sole negligence of the Company, its agents and employees. Contractor shall at its own cost and expense defend any such claim, suit, action or proceeding, whether groundless or not, which may be commenced against Company by reason thereof or in connection therewith, and Contractor shall pay any band all judgments which may be recovered in any such action, claim, proceeding or suit, and defray any and all expenses, including costs and attorney’s fees, which may be incurred in or by reason of such action, claims, proceedings or suits. Contractor and Company mutually waive claims against each other for consequential damages, however caused, (emphasis ours)
Columbia argues that this provision obligates Graham to provide a defense, and that this obligation is separate and apart from any questions of Graham’s potential liability.[1]
*1289 Graham counters this argument by asserting that its obligation to defend is trigged only through its negligence. A reasonable interpretation of the contract supports Graham’s position. The indemnity provision first provides that Graham shall indemnify Columbia for all claims “provided such are actually caused by or arise out of negligent acts or omissions of [Graham] — ” The provision further states that Graham’s indemnification obligation “shall not cover loss, damage or liability arising from the sole negligence of [Columbia].... ” The very next sentence then provides that “[Graham] shall at its own cost and expense defend any such claim, suit, action or proceeding ... which may be commenced against [Columbia] .... ” [emphasis ours] It is reasonable to conclude that the phrase “such claim” in the preceding sentence refers to those claims where Graham has an indemnification obligation. That is, Graham’s duty to defend is triggered in those instances where its negligence is a contributing cause of the claim being pursued. Otherwise, Graham would be required to defend any [and not any such] suit brought against Columbia, a result which we 14 cannot envision as being intended. At least, the language of the provision does not suggest such a result.
Columbia argues, however, that the duty to defend is a separate obligation from the duty to indemnify. It analogizes Graham’s obligation to the insurer’s duty to defend its insured, even though the claim against the insured may be meritless. We disagree with that argument for two reasons. First, as a general proposition the language of an insuring agreement is different from the indemnity provision before us. An insuring agreement generally provides that the insurer will defend all claims against the insured, regardless of the claim’s merit. The indemnity provision does not contain that straightforward language. It does not say what Columbia argues it says. Second, and more important, even if we find there are two obligations created by the provision, i.e. to defend and to indemnify, it is reasonable to condition both obligations on a finding of causative negligence on Graham’s part. Since Graham has been dismissed with prejudice by the plaintiff and found to have no responsibility to Columbia by the trial judge,[2] it is not negligent, and thus has no duty to defend. Simply, unless Graham’s negligence is a contributing cause of plaintiffs injuries, it has no obligation to defend or indemnify Columbia.
AFFIRMED.

. Columbia relies, in part, on Green v. Industrial Helicopters, Inc., 593 So.2d 634, (La.1992); however, it is clear (and Columbia readily admits) that federal maritime law governs the interpretation of a contract for charter of a vessel. See Randall v. Chevron U.S.A., 13 F.3d 888 (5th Cir.1994.). Regardless of which law is applicable, our resolution of the issue requires us to give a reasonable, sensible interpretation to the specific clause in this case. The choice of law issue is not germane to interpreting the language of this provision.

. Columbia did not appeal that finding.