J2SCHOTT, Chief Judge.
On the application of Material Resource Planners, Inc. (MRP), we grant certiorari in order to consider the validity of a judgment of the trial court granting summary judgment against MRP in favor of Bridge-stone/Firestone, Inc. (BFS). The issue is whether MRP’s contractual duty to indemnify BFS is triggered by the pleadings or whether that duty is not triggered until a judicial determination that BFS is liable. We reverse.
Michelle Coleman sued the Regional Transit Authority (RTA) and Transit Management of Southeast Louisiana, Inc. (TMSEL) for injuries she sustained when a bus tire blew out. RTA and TMSEL filed a third party demand against BFS and MRP alleging that BFS manufactured a defective tire and that MRP failed to properly inspect the defective tire and negligently performed tire maintenance. BFS filed a cross-claim/third party demand against MRP. BFS had a contract to supply tires and maintenance services for RTA/TMSEL vehicles; and, BFS subcontracted the maintenance portion of the contract to MRP. BFS filed a motion |3for summary judgment against MRP seeking defense and indemnification based on the following provision in the subcontract:
Indemnity. Subcontractor shall defend, indemnify, and hold harmless Firestone against all loss, cost, or expense (including reasonable attorney’s fees) attributable to any and all claims, actions, or causes of action of whatever nature, including, but not limited to, such as may be made by RTA of by employees of Subcontractor, regardless of whether such claims, actions, or causes of action are valid, arising in any way out of Subcontractor’s performance or breach of its obligations under this Contract, or out of the use or possession of any tire furnished hereunder, provided that such claims, actions or causes of action did not arise solely from the negligence of Firestone, or from a defect in the workmanship or material of a tire provided by Firestone.
BFS argued that because MRP lost the blown-out tire, it could never be shown that the sole cause of the accident was a defective tire manufactured by BFS. It further argued that it could not be held negligent for maintenance since MRP was contractually obligated to perform maintenance of tires for RTA/ TMSEL.
The trial court granted the motion for summary judgment and ordered MRP to provide a defense to BFS. The trial court denied MRP’s motion for new trial. In her reasons for denying the motion for new trial, the trial judge stated that the clause required MRP to bear all costs of defense and judgment and that if it should be later proven that BFS was the sole culprit, MRP would be entitled to reimbursement from BFS.
Since the judgment in the present case is not designated as a final judgment pursuant to La. C. C. P. art. 1915(B), MRP has no right to appeal; however the case falls within this Court’s supervisory jurisdiction.
MRP contends that the trial court erred in granting the motion for summary judgment because its duty to defend and indemnify is not triggered until there is an | ^ultimate finding that the alleged tire failure was not due to a defect in the tire or that BFS was not solely at fault. It cites Meloy v. Conoco, *497 Inc., 504 So.2d 833 (La.1987), in support this argument. of
In Meloy, Conoco and Oilfield Services had a contract whereby Oilfield Services agreed to indemnify Conoco and hold it harmless, as well as to have any such claim investigated, handled, responded to and defended at no cost to Conoco. One of the issues considered by the Supreme Court was whether the allegations of the complaint governed the indem-nitor’s obligation to defend and, if it did not, whether the indemnitee could recover the costs of defense after trial on the merits. The Court stated that an indemnity agreement did not render the indemnitor liable until the indemnitee actually made a payment or suffered a loss and that a cause of action for indemnification for cost of defense did not arise until the lawsuit was concluded and defense costs were paid. Although this case involved the Louisiana Oilfield Indemnity Act (La. R. S. 9:2780), the case is instructive on the distinction between a liability insurer’s duty to defend its insured and an indemnitor’s obligation to the indemnitee.
In Webb v. Shell Offshore, Inc., 557 So.2d 276 (La.App. 4th Cir.1990), this Court followed Meloy and held that Shell had to assert its cause of action for defense costs after the termination of the suit and could recover only if it were free from negligence or fault.
Therefore, the trial court erred in ruling that MRP must provide a defense to BFS at this point in the litigation.
Accordingly, the judgment of the trial court granting summary judgment in favor of BFS and against MPR is reversed. The case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.