# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## CA 05-27 consolidated with CA 05-26


## NATIONAL INDEPENDENT TRUST COMPANY

## VERSUS

## PAN-AMERICAN LIFE INSURANCE COMPANY

************

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, NO. 211,693 c/w 210,930
## HONORABLE GEORGE METOYER, DISTRICT JUDGE

************

## JAMES T. GENOVESE
## JUDGE

************

Court composed of Glenn B. Gremillion, Billy H. Ezell, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

**Russell L. Potter**
**Andrew P. Texada**
**Post Office Box 1711**
**Alexandria, Louisiana 71309**
**COUNSEL FOR DEFENDANT/THIRD PARTY DEFENDANT/APPELLANT:**
**Pan-American Insurance Company**

**Darryl Foster**
**601 Poydras Street, 21st Floor**
**New Orleans, Louisiana 70130**
**COUNSEL FOR DEFENDANT/THIRD PARTY DEFENDANT/APPELLANT:**
**Pan-American Insurance Company**

**W. Alan Pesnell**
**H.C. Beck Building, Suite 1100**
**400 Travis Street**
**Post Office Box 1794**
**Shreveport, Louisiana 71166-1794**
**COUNSEL FOR PLAINTIFF/THIRD PARTY PLAINTIFF/APPELLEE:**
**National Independent Trust Company**

**Silas O'Neil**
**630 Lee Street**
**Alexandria, Louisiana 71301**
**COUNSEL FOR PLAINTIFF/ THIRD PARTY PLAINTIFF/APPELLEE:**
**National Independent Trust Company**

**William B. Owens**
**934 3rd Street, 6th Floor**
**Post Office Box 330**
**Alexandria, Louisiana 71309-0330**
**COUNSEL FOR PLAINTIFF/ THIRD PARTY PLAINTIFF/APPELLEE:**
**National Independent Trust Company**

**Henry H. Lemoine, Jr.**
**607 Main Street**
**Pineville, Louisiana 71360**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Darlene Normand Thompson, Tutrix on behalf of**
**Dustin Anthony Wiley, and Jamie Michael Wiley**

**Charles S. Weems, III**
**Christopher M. Sylvia**
**2001 MacArthur Drive**
**Post Office Box 6118**
**Alexandria, Louisiana 71307-6118**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Debra T. Moore, Curatrix on behalf of Robert D. Moore**

**GENOVESE, Judge.**

These two consolidated cases come before this court pursuant to an appeal from the granting of a motion for summary judgment in favor of National Independent Trust Company against Pan-American Life Insurance Company ("Pan-American") wherein the trial court ruled that Pan-American failed to give proper cancellation notice of a life insurance policy to the Trustee and its insured, thereby finding life insurance coverage in favor of the insured. There being genuine issues of material fact and law, we reverse and remand.

## FACTUAL BACKGROUND

Prior to 1999, Pan-American issued a whole life insurance policy with a face value of $1,500,000.00 to The Trust Company of Louisiana, then Trustee of the Robert A. Moore Personal Trust ("Trust"), insuring the life of Robert A. Moore. National Independent Trust Company is the present Trustee and successor in interest to The Trust Company of Louisiana, d/b/a Argent Trust.

In late 1999, The Trust Company of Louisiana ("TCL") surrendered the $1,500,000.00 whole life insurance policy to Pan-American and replaced it with a $1,500,000.00 term policy. TCL was the owner and beneficiary of said term policy which became effective December 28, 1999, and Robert A. Moore remained as the insured under the policy. As Trustee, TCL was responsible for paying the $2,971.80 quarterly premiums on the term policy. The term policy was delivered by mail to TCL along with other documents, including a cover letter dated May 16, 2000, explaining that the whole life policy was cancelled and surrendered with a cash value of $43,639.55, that the first two quarterly premiums on the new term policy due on December 28, 1999 and March 28, 2000 were deducted and paid from said cash value, and that the new policy was current. The letter also stated that the next

1

quarterly premium in the amount of $2,971.80 was due on June 28, 2000. The policy and letter were sent to TCL at its post office box address in Alexandria, Louisiana; however, the insurance application form lists the owner and beneficiary of the policy as The Trust Company of Louisiana with a street address of 1412 Centre Court Drive, Alexandria, LA 71301.

TCL contends that the address to which said letter was sent was not the address to which TCL had requested premium notices be sent according to the application and that it did not receive any notices subsequent to the May 16, 2000 correspondence. TCL did not pay the premium due on June 28, 2000, and remained unaware of the default in premium payment until September of 2001. However, on March 25, 2001, well within a year of the premium due date of June 28, 2000, a representative of TCL did send a letter to Pan-American requesting that Pan-American update its records on the policy to reflect the new name and address of the owner and beneficiary of the policy and the new taxpayer identification number. Pan-American admits receiving the March 2001 letter and disregarding same.

When TCL discovered that premium notices had not been received and premiums not paid on the policy for seventeen months, they immediately attempted to pay the premiums and bring the policy current. During this time, Pan-American communicated with Mr. Moore directly advising him that the policy could be reinstated with payment of all back due premiums, plus the completion of a certificate of good health. Pan-American faxed to Mr. Moore an application for reinstatement. However, Mr. Moore never completed or returned the application for reinstatement and no premium was ever paid to reinstate the policy. On November 6, 2001, Mr. Moore did send a fax to Mr. Edward L. Crump, Jr., TCL's duly authorized Trust Officer, stating his decision not to reinstate the policy. On November 18, 2001,

2

Robert A. Moore died. TCL, contending the policy had not lapsed, demanded payment from Pan-American of the proceeds of the policy. Pan-American refused to pay, alleging the policy had lapsed.

The beneficiaries of the Robert A. Moore Personal Trust filed suit against the successor trustee, National Independent Trust Company ("NIT"), alleging breach of trust for allowing the policy to lapse. NIT filed a third party demand in that suit and a separate lawsuit against Pan-American alleging lack of proper notice pursuant to La.R.S. 22:177 and La.R.S. 22:636 and seeking recovery under the policy. On May 28, 2004, NIT filed a motion for summary judgment asking the trial court to make a determination as to whether or not Pan-American sent proper notice of cancellation, and seeking to have the court hold Pan-American liable for the policy limits of $1,500,000.00, while reserving to NIT all claims and causes of action for Pan-American's alleged bad faith in refusing to pay the claim.

The trial court granted NIT's motion for summary judgment ruling that the notice was improper and finding Pan-American liable to NIT for the $1,500,000.00 policy limits. Pan-American's motion for new trial was denied and this appeal followed.

**ISSUES**

Pan-American argues that regardless of notice, the provisions of La.R.S. 22:177 dictate that the insurance policy lapsed after one year and prior to Robert Moore's death. Pan-American asserts that the trial court erred in granting summary judgment despite the existence of genuine issues of material fact as to whether or not the premium notices were sent by Pan-American. Pan-American also contends that the cancellation notice provisions of La.R.S. 22:636 do not apply as this policy was not cancellable at the option of the insurer and that the statutory notice of cancellation

3

was not necessary because the insured had actual notice that the premiums had not been paid and personally decided not to reinstate the policy. Finally, Pan-American asserts that NIT's claim is prescribed since it was not filed within two years of the default of the policy as mandated by La.R.S. 22:177.

## LAW AND DISCUSSION

### *Summary Judgment*

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Despite the legislative mandate favoring summary judgments set forth in La.Code Civ.P. art. 966(A)(2), "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050; *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

In its *de novo* review of the granting of a motion for summary judgment, an appellate court must determine that the statutory two-fold test be met. First, there must be <u>no genuine issue of material fact</u>. Second, mover must be entitled to summary judgment <u>as a matter of law</u>. The record sets forth the trial court's ruling in this case on the motion for summary judgment as follows:

> The court finds the motion for summary judgment is granted. The court finds the insurer lacking in notice to the trustee and/or the insured.

4

The court finds that the notice was improper.
Let's see, I believe that's it.

The crux of the trial court's ruling is lack of proper notice. Both NIT and Pan-American contest the issue of notice. NIT contends the initial notice was legally defective and that it did not receive any subsequent delinquent notices, particularly the alleged August 9, 2000 notice of official lapse. Pan-American contends it sent all proper legal notices required by law. Pan-American further contends that regardless of notice, the policy had lapsed after one year for non-payment of premium due and prior to Robert A. Moore's death. Pan-American also pleads prescription.

The record in this case clearly establishes a genuine issue of material fact as to notice thereby precluding summary judgment. In addition thereto, there are genuine issues of law presented, but not addressed by the trial court. The issue of prescription was raised, but not addressed. Also at issue is the legal effect, if any, of the duly acknowledged March 25, 2001 letter. These factual and legal issues cannot be resolved by summary judgment.

There being genuine issues of material fact and law, the trial court's granting of summary judgment in favor NIT is reversed. This case is remanded to the trial court for a trial on the merits. Costs of this appeal are assessed against National Independent Trust Company.

**REVERSED AND REMANDED.**