925 So.2d 661 (2006)
Barry GENTRY
v.
WEST JEFFERSON MEDICAL CENTER.
No. 05-CA-687.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 2006.
Timothy W. Cerniglia, Christine E. Cerniglia, Sharp, Hymel, Cerniglia, Colvin, Weaver & Davis, Baton Rouge, Louisiana, for Defendant/Appellant.
Edward D. Markle, Markle and Associates, New Orleans, Louisiana, for Defendant/Appellee-2nd Appellant.
Barbara Malik Weller, Metairie, Louisiana, for Defendant-Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and CLARENCE E. McMANUS.
*662 EDWARD A. DUFRESNE, JR., Chief Judge.
This case involves two summary judgments relating to contractual defense and indemnification clauses. Because we find that these judgments are premature, we vacate them.
The underlying facts are these. The West Jefferson Medical Center, a public entity, contracted with Fibre Tech, Inc. for repairs on a pool in its health center. Fibre Tech in turn procured the services of Ardsley Maintenance Services, Inc. to perform the actual work. While that work was progressing West Jefferson kept its health center open, and Barry Gentry, plaintiff, was using some equipment there. Gentry filed suit against West Jefferson, Fibre Tech and Ardsley alleging that fumes from the pool work had caused him various injuries. West Jefferson in turn filed a third party demand against Fibre Tech seeking indemnification and a defense under the terms of its contract. Fibre Tech filed a similar third party demand against Ardsley.
West Jefferson urged a summary judgment against Fibre Tech asserting that it was entitled to indemnification and a defense under the terms of its contract with that party. Fibre Tech urged a similar judgment against Ardsley based on similar contractual language in its alleged contract with that party. Both summary judgments were granted and both have now been appealed.
In Suire v. Lafayette City-Parish Government, XXXX-XXXX (La.4/12/05), 907 So.2d 37, the court held unambiguously that any claim under an indemnity-defense clause in a contract is premature until the indemnitee has actually made payment or sustained a loss. In the present case neither West Jefferson nor Fibre Tech has made any payment or sustained any loss, and their claims against the contractual indemnitors are thus premature. We therefore vacate both judgments and remand the matter for further proceedings.
JUDGMENTS VACATED; REMANDED FOR FURTHER PROCEEDINGS.