STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-361

VICKY BATES

VERSUS

ALEXANDRIA MALL I, LLC AND
XYZ INSURANCE COMPANY, ET AL.

************

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 109,194
RICHARD E. STARLING, JR., CITY COURT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED IN PART;
REVERSED IN PART;
AND REMANDED.

Michael W. Adley
Judice & Adley
926 Coolidge Boulevard
Post Office Drawer 51769
Lafayette, Louisiana 70505-1769
(337) 235-2405
COUNSEL FOR DEFENDANT
AND THIRD PARTY PLAINTIFF/APPELLANT:
    Alexandria Mall I, LLC

**Susan F. Clade**
**Charles E. Riley, IV**
**Shannon Huber**
**Simon, Peragine, Smith & Redfearn, LLP**
**30th Floor - Energy Centre**
**1100 Poydras Street**
**New Orleans, Louisiana 70163-3000**
**(504) 569-2030**
**COUNSEL FOR THIRD PARTY DEFENDANT/APPELLEE:**
    **Mydatt Services, Inc. d/b/a Valor Security Services**

**Louis Wellan**
**Post Office Box 12323**
**Alexandria, Louisiana 71315**
**(318) 443-9917**
**COUNSEL FOR PLAINTIFF:**
    **Vicky Bates**

**Keely Y. Scott**
**Crawford Lewis**
**450 Laurel Street, Suite 1600**
**Baton Rouge, Louisiana 70821-3656**
**(225) 343-5290**
**COUNSEL FOR DEFENDANT:**
    **Lexington Insurance Company**

**GENOVESE, Judge.**

Third party plaintiff, Alexandria Mall I, LLC (Alexandria Mall), appeals the trial court's grant of summary judgment in favor of third party defendant, Mydatt Services, Inc., d/b/a Valor Security Services (Mydatt), dismissing the claims of Alexandria Mall asserted via its third party demand. For the following reasons, we affirm in part, reverse in part, and remand.

## FACTS

Plaintiff, Vicky Bates, filed a Petition for Damages naming Alexandria Mall as a defendant, alleging that she was injured when one of the glass doors at the mall shattered and fell on her. Alexandria Mall filed an Answer and Third Party Demand denying all liability to Ms. Bates and asserting third party claims for contractual defense and indemnity as well as breach of contract against Mydatt. In response, Mydatt filed a Motion for Summary Judgment seeking dismissal of Alexandria Mall's claims for contractual defense and indemnity. The trial court granted Mydatt's Motion for Summary Judgment and dismissed these third party claims of Alexandria Mall. It is from said Judgment that Alexandria Mall appeals.

## ISSUES

Alexandria Mall presents the following issues for our review:

1. [w]hether the city court erred in granting the Motion for Summary Judgment filed on behalf of Mydatt Services, Inc. d/b/a Valor Security Services[;]

2. [w]hether the city court erred in dismissing Alexandria Mall I, LLC's claims against Mydatt Services, Inc. d/b/a Valor Security Services for contractual defense and contractual indemnity[; and]

3. [w]hether the city court erred in finding that a third party demand for defense and indemnity does not exist until the indemnitee is found free from fault.

## LAW AND DISCUSSION

### *Standard of Review*

Alexandria Mall asserts that, in conducting a *de novo* review of the record, this court should conclude that "legal and factual issues" preclude the grant of summary judgment. It further asserts "that the lower court improperly granted Mydatt's Motion for Summary Judgment because there exist genuine issues of fact regarding the contract between the parties."

Undisputedly, the third party claims arise out of a valid written contract between Alexandria Mall and Mydatt. Alexandria Mall's third party demand against Mydatt presents three claims: (1) a claim for breach of contract; (2) a claim for Mydatt to provide a defense to Plaintiff's lawsuit; and (3) a claim for indemnity.

As to Alexandria Mall's claims of defense and indemnity, the trial court correctly noted that "[t]here is no material fact at issue between the parties and the court must decide this case on the basis of whether mover is entitled to [s]ummary [j]udgment as a matter of law." As this court has noted:

> In a case where there are no contested issues of fact, and the only issue is the application of the law to the undisputed facts, as in the case at bar, the proper standard of review is whether or not there has been legal error. *Hatten v. Schwerman Trucking Co.*, 04-1005 (La.App. 3 Cir. 12/8/04), 889 So.2d 448, *writ denied*, 05-076 (La. 3/18/05), 896 So.2d 1009 (citing *Cleland v. City of Lake Charles*, 02-805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La.9/19/03), 853 So.2d 644, 645).

*Bailey v. City of Lafayette*, 05-29, p. 2 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, 923, *writs denied*, 05-1689, 05-1690, 05-1691, 05-1692 (La. 1/9/06), 918 So.2d 1054, 1055; *Yell v. Sumich*, 08-296 (La.App. 3 Cir. 10/15/08), 997 So.2d 69.

However, as to Alexandria Mall's breach of contract claim, it asserts that there are legal and factual issues which preclude the grant of summary judgment.

2

Consequently, as to the breach of contract claim, a *de novo* review of the record is warranted. *Nat'l Indep. Trust Co. v. Pan-Am. Life Ins. Co.*, 05-27 (La.App. 3 Cir. 6/1/05), 903 So.2d 1141.

### *Contractual Defense and Indemnification*

The crux of Mydatt's Motion for Summary Judgment is the legal premise that the third party claims for defense and indemnity are premature in that they could not be asserted until Alexandria Mall, the indemnitee, actually made payment or sustained a loss. As reflected in its oral reasons, the trial court, recognizing that it was bound by controlling jurisprudence, agreed.[1]

In support of its contention that these third party claims against Mydatt are viable, Alexandria Mall first cites La.Code Civ.P. art. 1111, which permits a defendant to file a third party demand against a party "who is or may be liable to him for all or part of the principal demand." Alexandria Mall argues "that there is nothing that precludes a party from asserting a third party demand for contractual defense and contractual indemnification, even in those cases where the outcome of the third party demand is contingent upon resolution of the main demand." Applying this reasoning, Alexandria Mall concludes that "[t]he Louisiana jurisprudence coupled with the language of Louisiana Code of Civil Procedure Article 1111 which permits the filing of a third party demand against a person who **may be liable**, aptly demonstrates that Mydatt's Motion for Summary Judgment is meritless and should have been denied."

Alexandria Mall also discusses the express contractual provisions in the contract between it and Mydatt which "sets forth separate obligations of defense and

---

[1]Although the trial court did not cite the jurisprudence upon which it relied in making its decision, we agree with Mydatt that it is evident from the record that the trial court found the decision of our Louisiana Supreme Court in *Suire v. Lafayette City-Parish Consolidated Government*, 04-1459 (La. 4/12/05), 907 So.2d 37, discussed below, to be controlling.

3

indemnity on the part of Mydatt." Citing these contractual provisions, Alexandria Mall asserts that Mydatt's contractual obligations to defend and to indemnify it were triggered by the allegations of negligence asserted by Ms. Bates in the main demand. While this court acknowledges these contractual provisions, we need not delve into an application of same in order to resolve the issues presently before us. Rather, as correctly noted by the trial court, we are "bound by case law" in reaching our decision.

We find *Suire*, 907 So.2d 37, to be controlling, and, "[a]s a court of appeal, we are bound to follow the decisions of our supreme court." *Clavier v. Lay Down Serv. Inc.*, 00-701, p. 5 (La.App. 3 Cir. 12/20/00), 776 So.2d 634, 638, *writ denied*, 01-880 (La. 5/25/01), 793 So.2d 203 (citing *PPG Indus., Inc. v. Bean Dredging Corp.*, 419 So.2d 23 (La.App. 3 Cir.), *writ granted*, 422 So.2d 151 (La.1982), *aff'd*, 447 So.2d 1058 (La.1984)).

In *Suire*, a homeowner sued the city, a contractor, and an engineering firm alleging that his home was damaged as a result of their negligence in performing work involving a drainage canal that was adjacent to his property. The city and the engineering firm filed cross-claims against the contractor seeking defense and indemnification pursuant to the terms of the contract between the parties. Motions for summary judgment filed on behalf of the city and the engineering firm relative to their cross-claims for contractual defense and indemnity were granted by the trial court. On appeal, our supreme court was called upon to "consider whether the indemnity clause in the public contract between [the contractor] and the [c]ity imposed a duty upon [the contractor] as a matter of law to defend the [c]ity and [the engineering firm] against the plaintiff's claims." *Id.* at 51. After citing the specific

4

contractual provisions, the court reasoned as follows:

> We find that the [c]ity's and [the engineering firm's] claim for defense under the indemnity agreement is premature under settled law, as these parties have not yet sustained any compensable loss. This court has observed that an indemnity agreement is a "specialized form of contract which is distinguishable from a liability insurance policy." *Meloy v. Conoco, Inc.*, 504 So.2d 833, 839 (La.1987). An indemnitor is not liable under an indemnity agreement until the indemnitee "actually makes payment or sustains loss." *Id*. Thus, this court has held that "a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid." *Id*.; *Morella v. Bd. of Comm'rs of Port of New Orleans*, 2004-0312 (La.App. 4 Cir. 10/27/04), 888 So.2d 321, 325. As this lawsuit is still pending, and no determination of liability has been made, the court of appeal erred in finding that [the contractor] owed a duty to defend, or pay for defense costs, under the terms of the contractual indemnity provision.

*Id*. Based upon the foregoing, our supreme court reversed "the court of appeal's holding that [the contractor] owed a duty as a matter of law to defend the [c]ity and [the engineering firm], and defer[red] this claim until the lawsuit [was] concluded and liability [was] determined." *Id*.[2]

We find that the application of our supreme court's decision in *Suire* to the case *sub judice* results in the inevitable conclusion that the third party claims of Alexandria Mall against Mydatt for contractual defense and indemnity may not be asserted until the resolution of the main demand and the payment of defense costs. Accordingly, we find no legal error in the ruling of the city court granting the Motion for Summary Judgment on behalf of Mydatt as to Alexandria Mall's claims of defense and indemnity only.

---

[2]We note that the fifth circuit recently vacated a summary judgment granted in favor of third party plaintiffs asserting contractual defense and indemnity claims based upon the holding of *Suire.* In so doing, the fifth circuit noted that, in *Suire*, the supreme "court held unambiguously that any claim under an indemnity-defense clause in a contract is premature until the indemnitee has actually made payment or sustained a loss." *Gentry v. West Jefferson Med. Ctr.*, 05-687, p. 3 (La.App. 5 Cir. 2/27/06), 925 So.2d 661, 662.

5

*Breach of Contract*

Alexandria Mall's breach of contract claim against Mydatt is discussed by both parties in their appellate briefs. Although it was not specifically addressed by the trial court in its reasons for judgment, the trial court rendered and signed a Judgment dismissing Alexandria Mall's third party claims against Mydatt. It is unclear as to whether the trial court dismissed <u>all of the claims</u> of Alexandria Mall against Mydatt or only the claims for defense and indemnity. The record reveals that Alexandria Mall did include a claim for breach of contract, along with its defense and indemnity claims, in its third party demand against Mydatt. Although the assertions in Mydatt's Motion for Summary Judgment appear to be limited to the claims for defense and indemnity, the trial court's Judgment arguably dismissed all third party claims, including that for breach of contract. Given the wording of the Judgment, the issues presented by Alexandria Mall on appeal, and the discussion of breach of contract by both parties in their respective briefs, we must also consider the trial court's grant of summary judgment on the third party claim for breach of contract.

Based upon the lack of evidence presented to the trial court on the breach of contract issue, we find that the trial court erred in granting summary judgment and dismissing Alexandria Mall's claim for breach of contract. We, therefore, reverse only that portion of the Judgment that dismisses Alexandria Mall's third party claim for breach of contract against Mydatt and remand this matter to the trial court for further proceedings consistent with this court's opinion.

## DECREE

The Judgment of the trial court dismissing the third party claims of Alexandria Mall I, LLC against Mydatt Services, Inc., d/b/a Valor Security Services, for

contractual defense and indemnity is affirmed. The Judgment of the trial court dismissing the third party claim of Alexandria Mall I, LLC against Mydatt Services, Inc., d/b/a Valor Security Services, for breach of contract is reversed. The matter is remanded to the trial court for further proceedings consistent with this court's opinion. Costs of this appeal are split between the parties to this appeal.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**